IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA :
       Plaintiff,    :    CIVIL ACTION NO. 05-ca-12298-MLW
       v.    :
AXXON CAPITAL, L.P.    :
       Defendant.    :

## ORDER

Before this Court is the Complaint by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for a permanent injunction, and the appointment of the SBA as permanent, liquidating receiver for Axxon Capital, L.P. After hearings on March 15, 2006, and March 27, 2006, it is hereby OREDERED that:

    1.    Pursuant to the provisions of 15 U.S.C. § 687c, this Court takes exclusive jurisdiction of Axxon Capital, LP ("Axxon"), and all of its assets, wherever located, and the United States Small Business Administration ("SBA"), is hereby appointed the permanent liquidating receiver ("the Receiver") of Axxon to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshaling and liquidating all of Axxon's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

    2.    The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partner, managing member of the general partner,

managers, officers, and directors of Axxon under applicable state and federal law and by the Charter, By-Laws, Certificate of Limited Partnership and/or Partnership Agreement of said partnership, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The general partner, management company, managers, directors, officers, employees and agents of Axxon are hereby dismissed. Such persons shall have no authority with respect to Axxon's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Axxon and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, agents, management company, managers, general partners, accountants, attorneys and employees of Axxon, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said partnership and all other assets and property of the partnership, whether real or personal. Axxon Capital Advisors, LLC shall furnish a written statement within ten (10) days after the entry of this Order, listing the identity, location and estimated value of all assets of Axxon as well as the names, addresses and amounts of claims of all known creditors of Axxon. All persons having control, custody or possession of any assets or property of Axxon, including Axxon Capital Advisors, LLC, are hereby directed to turn such assets or property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, managers, general partners, management company, employees, shareholders, creditors, debtors and agents of Axxon. All persons and entities owing any

obligations or debts to Axxon shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if Axxon had received such payments.

5. The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of Axxon, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

6. The Receiver will file a quarterly Receiver's Report with this Court, which report shall contain a description of the activities undertaken by the Receiver for that particular quarter, and shall substantiate the costs, disbursements and expenses for that particular quarter, and explain why they were reasonable. Any and all such quarterly reports filed by the Receiver will be subject to this Court's post-approval and all costs, expenses and disbursements paid by the Receiver will be subject to this Court's authority

to assess a surcharge against the Receiver for any unreasonable payments.

7. Axxon's past and/or present officers, directors, agents, managers, general partners, management company, shareholders, employees, and other appropriate persons (including, without limitation, the defendant's portfolio of small business concerns and banks or other financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath, pursuant to a Receiver's Notice or Subpoena, to the Receiver, all questions which it may put to them regarding the business of said partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Axxon. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of Axxon or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Axxon, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

8. Axxon and its past and/or present directors, officers, managers, management company, general partners, agents, employees and other persons acting in concert or participation with them, are enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of Axxon to the detriment of the Receiver appointed in this cause, including but not limited to destruction of partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15 U.S.C. Section 661 et

seq., or the regulations promulgated thereunder, (the "Regulations"), 13 C.F.R. § 107.1 et seq.

9. The Receiver is authorized to borrow on behalf of Axxon, from the SBA, up to $1,000,000, and is authorized to cause Axxon to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue.

10. This Court determines and adjudicates that Axxon has violated the SBIA and the Regulations, as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may recommend to this Court in its final quarterly Receiver's Report filed in accordance with paragraph 5, above, that Axxon's license as an SBIC be revoked.

SO ORDERED this 30th day of March, 2006.

_____
CHIEF JUDGE, UNITED STATES DISTRICT COURT

**05 CA 12298 MLW**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | RECEIPT # _____ |
| v. ) Civ. Action | AMOUNT $ N/A |
| ) | SUMMONS ISSUED 1 |
| AXXON CAPITAL, L.P. ) | LOCAL RULE 4.1 _____ |
| ) | WAIVER FORM _____ |
| Defendant ) | MCF ISSUED _____ |
| ) | BY DPTY. CLK. M.P. |
| | DATE 11/17/05 |

FILED
CLERKS OFFICE
2005 NOV 17 A 11: 31
U.S. DISTRICT
DISTRICT OF MASS.

05 12298 MLW

MAGISTRATE JUDGE MBB

### COMPLAINT FOR RECEIVERSHIP, PERMANENT INJUNCTION AND MONEY JUDGMENT

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States of America on behalf of its agency, the United States Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, D.C., 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345.

3. Defendant, Axxon Capital, L.P., (hereinafter "Axxon") is a Delaware limited partnership.

4. Axxon maintains its principal office and/or principal place of business at

30 Franklin Street, 4th Floor, Boston, Massachusetts, 02110. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

### STATEMENT OF FACTS

5.  Axxon was licensed by SBA as a small business investment company ("SBIC" or "Licensee") on November 3, 2000, SBA License No. 01/71-0382, under Section 301(c) of the Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the regulations promulgated thereunder.

6.  Axxon Capital Advisors, LLC, a Delaware limited liability company, is the general partner of Axxon Capital, LP.

7.  Axxon's Articles of Limited Partnership submitted to SBA expressly provide that Axxon was organized solely for the purpose of operating under the Act and subject to regulations issued by SBA thereunder.

8.  Section 308(c) of the Act, 15 U.S.C. § 687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

9.  Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee may be forfeited and the company may be declared dissolved.

10. Section 311 of the Act, 15 U.S.C. § 687c, provides that, whenever in the judgment of SBA, a Licensee, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any

Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and shall grant permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court may also appoint SBA to act as receiver for such Licensee.

11. In accordance with Section 303 of the Act, 15 U.S.C. §683b, SBA provided leverage to Axxon through the purchase of the following participating securities totaling $11,045,000:

| Certificate Number | Amount | Date | Rate of Prioritized Payment |
|---|---|---|---|
| 02038051-04 | $3,000,000 | 2/06/01 | 6.640% |
| 02038052-02 | $2,000,000 | 4/13/01 | 6.344% |
| 02038053-00 | $1,750,000 | 7/30/01 | 6.344% |
| 02038054-08 | $1,750,000 | 8/27/01 | 6.030% |
| 02038055-07 | $ 500,000 | 9/06/01 | 6.030% |
| 02038056-05 | $ 500,000 | 12/17/01 | 6.030% |
| 02038057-03 | $ 250,000 | 1/22/02 | 6.030% |
| 02038058-01 | $ 500,000 | 4/15/02 | 5.199% |
| 02038059-10 | $ 350,000 | 5/10/02 | 5.199% |
| 02038060-02 | $ 260,000 | 8/21/02 | 4.524% |
| 02038061-10 | $ 185,000 | 2/25/03 | 5.136% |

(hereinafter referred to collectively as the "Participating Securities"). As of July 30, 2005, the outstanding Participating Securities balance was $7,320,000.

12. The Participating Securities are expressly subject to and incorporated by reference in the Regulations, including but not limited to the provisions of 13 C.F.R. § 107.1820 through 1850 (2000-2005 Editions).

13. Section 107.1830 (b) of the Regulations, 13 C.F.R. § 107.1830 (b) (2005), provides that a condition of capital impairment is an event of default. Section 107.1830

(c) of the Regulations, 13 C.F.R. § 107.1830 (c) (2005) further provides that a Section 301(c) Licensee, such as Defendant, has a condition of capital impairment if its capital impairment percentage exceeds 60%.

14. Based upon Axxon's financial statements as of March 30, 2005, SBA determined that Axxon had a condition of capital impairment as its capital impairment percentage exceeded 85%.

15. By letter dated June 1, 2005 (the "Notice of Violation"), SBA directed Axxon to cure its condition of capital impairment within 15 days.

16. In the Notice of Violation, SBA further informed Axxon that Axxon would be placed in restricted operations if Axxon failed to cure its condition of capital impairment within the period specified by SBA.

17. By letter dated June 6, 2005, Axxon acknowledged its condition of capital impairment.

18. Axxon failed to cure its condition of capital impairment and was placed into Restricted Operations. To date, Axxon has failed to cure its condition of capital impairment.

19. SBA has determined that pursuant to Section 107.1830(b) of the Regulations, 13 C.F.R. § 107.1830(b) (2005), Axxon continues to have a condition of capital impairment over the maximum allowed by the Regulations and is therefore in violation of the Act, Regulations and the terms of the Agreement of Limited Partnership.

## COUNT ONE

### CAPITAL IMPAIRMENT AND NON PERFORMANCE OF THE REQUIREMENTS OF A PARTICIPATING SECURITY

20. Paragraphs 1 through 19 are incorporated by reference as though set forth in their entirety herein.

21. Section 107.507(a) of the Regulations, 13 C.F.R. § 107.507 (2005), provides that nonperformance of any of the requirements of any Participating Security shall constitute a violation of the Regulations.

22. Section 107.1830 (b) of the Regulations, 13 C.F.R. § 107.1830 (b) (2005), provides that if a Licensee, such as Axxon, has a condition of Capital Impairment, it is not in compliance with the terms of its leverage.

23. Section 107.1830 (c), 13 C.F.R. § 107.1830 (c) (2005), further provides that a Section 301(c) Licensee, such as Axxon, has a condition of capital impairment if its capital impairment percentage exceeds 60%.

24. Based upon Axxon's financial statements as of March 30, 2005, SBA determined that Axxon had a condition of capital impairment in excess of eighty-five (85) percent.

25. To date, Axxon has failed to cure its condition of capital impairment.

26. Axxon's violation of the Regulations for capital impairment and nonperformance of the requirements of a Participating Security entitles SBA to relief pursuant to 15 U.S.C. § 687c, which relief includes injunctive relief and appointment of SBA as Receiver of Axxon.

5

## COUNT TWO

## VIOLATION OF CONDITIONS OF RESTRICTED OPERATIONS

27. Paragraphs 1 through 26 are incorporated herein by reference.

28. By letter dated June 1, 2005, SBA informed Axxon that if Axxon did not cure the violations of the Regulations described in the letter within fifteen (15) days, Axxon would be placed into Restricted Operations.

29. By letter dated June 6, 2005, Axxon acknowledged its condition of capital impairment.

30. Axxon failed to cure its condition of capital impairment and was placed into Restricted Operations.

31. Section 107.1820(f)(3) of the Regulations provides that until Restricted Operations conditions are cured to SBA's satisfaction, SBA may require that all commitments from investors be funded at the earliest time(s) permitted in accordance with Licensee's Articles or Agreement of Limited Partnership.

32. By letter dated June 28, 2005, Axxon was notified that it had been transferred to liquidation status by SBA. By that same letter, Axxon was directed to immediately call the remaining unfunded commitments owed to Axxon by its limited partners.

33. To date, Axxon has failed to make a capital call for the unfunded commitments owed Axxon, which amount totals approximately $7,6720,510 in the aggregate, in violation of Section 107.1830(b) of the Regulations.

6

34. As a consequence of Axxon's violation of §107.1820(f)(3), SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of Axxon.

WHEREFORE, Plaintiff prays as follows:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining Axxon, its partners, managers, officers, agents, employees and other persons acting in concert or participation therewith from: (1) making any disbursements of Axxon's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any or all funds or assets of Axxon, wherever located; or (3) further violating the Act or the Regulations promulgated thereunder;

B. That this Court determine and adjudicate Axxon's noncompliance with the requirements of the Participating Securities and noncompliance and violation of the Act and the Regulations promulgated thereunder;

C. That this Court take exclusive jurisdiction of Axxon, and all of its assets, wherever located, appoint SBA as permanent receiver of Axxon for the purpose of liquidating all of Axxon's assets and satisfying the claims of its legitimate creditors therefrom in the order of priority as determined by this Court, and pursuing causes of action available to Axxon, as appropriate.

D. That this Court order that Axxon's license to operate as an SBIC shall be revoked upon the wind-up and conclusion of the receivership thereof.

E. That this Court grant such other and further relief as may be deemed just and proper.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

Dated: 11/17/05   By: *Patricia M. Connolly*
Patricia M. Connolly
Assistant United States Attorney
John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, MA 02210
Telephone: (617) 748-3278
Facsimile: (617) 748-3971

U.S. SMALL BUSINESS ADMINISTRATION

Dated: 11/17/05   By: *Arlene M. Embrey (PMC)*
Arlene M. Embrey
arlene.embrey@sba.gov
Trial Attorney
Office of General Counsel
U.S. Small Business Administration
409 Third Street, S.W. Seventh Floor
Washington, D.C. 20416
Telephone: (202) 205-6976
Facsimile: (202) 481-0324

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___17th___ day of ___January___ 2005, I caused the foregoing Plaintiff's Motion for Injunctive Relief and Appointment of SBA as Receiver for Axxon Capital, LP, Memorandum in Support thereof with exhibits and proposed Order to be sent to the foregoing via first class mail, postage prepaid:

Ms. Sheryl L. Marshall
Axxon Capital, LP
30 Franklin Street
4th Floor
Boston, MA 02110

Charles R. Bennett, Esq.
Hanify & King, P.C.
One Beacon Street
Boston, MA 02108

Patricia M. Connolly

3